VERONA TRUST COMPANY, A NEW JERSEY BANKING CORPORATION, RESPONDENT, v. STEPHEN BERGDAL, APPELLANT.

Argued October 21, 1942—Decided January 22, 1943.

For the appellant, *Abraham M. Herman.*

For the respondent, *Waugh, Torppey & Consodine* (*Alexander P. Waugh*).

The opinion of the court was delivered by

BODINE, J. The appeal is from a judgment in favor of the plaintiff entered after the answer was struck.

We are concerned with the first cause of action which is predicated upon a promissory note due March 31st, 1941. The complaint, in addition to the usual allegation in an action to recover upon a protested note, alleges: "The plaintiff held as collateral security a second mortgage on premises located in the Borough of Verona, New Jersey, which mortgage was dated November 27th, 1931, and was recorded in Book Q-74 of Mortgages for Essex County page 204. * * * The plaintiff has credited defendant with the sum of $100, proceeds from the sale of the security hereinbefore mentioned."

A creditor holding security for a promissory note may, upon default, pursue his remedies at his pleasure. *Polhemus* v. *Prudential Realty Corp.*, 74 *N. J. L.* 570. The defenses pleaded were as follows: "First Separate Defense: 1. Defendant says that at the time he became indebted to the

plaintiff he executed a bond and mortgage and notes as evidences of and security for said indebtedness. 2. He alleges that plaintiff had not foreclosed said mortgage prior to institution of this suit, contrary to statute in such case made and provided. Second Separate Defense: 1. Defendant says that the indebtedness referred to in the complaint filed herein was secured by a mortgage and that said mortgage has been paid and satisfied and the indebtedness alleged in the complaint filed herein is paid, satisfied and discharged."

It appears from the affidavit made by one of the bank officers—the arrangement of which has been changed by us for clarity sake—that: "On the 27th day of November, 1931, at plaintiff's request that security be given for moneys loaned" (the grammatical use would be lent) "defendant executed his bond and mortgage in the sum of $12,650, said mortgage being recorded in Book Q-74 of Mortgages of Essex County, pages 204, &c. Said mortgage was second and subject to the lien of a first mortgage in the sum of $4,500 held by May B. VanOrder. It was agreed between the plaintiff and defendant that the bond and mortgage would be canceled when the sums represented by the above mentioned note had been paid in full. * * * On December 30th, 1940, defendant made and delivered his note for the sum of $2,750 payable to the order of plaintiff three months from that date at the Verona Trust Company in Verona, N. J. * * * By deed dated March 10th, 1941 and recorded in Book D-98 of Deeds for Essex County, pages 283, &c., defendant conveyed property on which plaintiff held a second mortgage to May B. VanOrder, the first mortgagee. * * * On or about March 27th, 1941, the second mortgage held by plaintiff was receipted for cancellation, plaintiff receiving from May B. VanOrder, the first mortgagee, the sum of One Hundred ($100) Dollars as consideration for cancellation of said mortgage."

It is perfectly well settled, in this state, that when a note is secured by a bond and mortgage that the holder of the note may sue thereon without first foreclosing the mortgage. This is not a case where a bond and mortgage were given for the same debt. The bond and mortgage were security for a note

given much later. *Gloucester City Trust Co.* v. *Goodfellow,* 124 *N. J. L.* 118. The first defense was sham.

We do not understand, however, that collateral security may be sold without authority before the obligation it secures becomes due. The bond and mortgage was in the sum of $12,650. It covered the property of one May B. Van Order and was not sold in the manner provided by law, but was canceled upon the payment of $100. Any impropriety in the proceeding, however, was not questioned in the pleadings and could not be raised upon this appeal.

As to the second defense. This defense suggests payment of the note. We think, upon the proofs, it was sham, although its propriety was not argued below and must, therefore, be regarded as abandoned. Still we will consider it. This was a suit on a note. Payment was or was not made. The affidavit that it was not paid and was duly protested is not controverted in any way. The argument in the brief is that there was a presumption of payment from the cancellation of the mortgage, which raised a jury question. *Bower* v. *Bower,* 78 *N. J. L.* 387. The defendant did not have the mortgage in his possession and had parted with the title to the land it covered. He had no equity of redemption therein.

If the first mortgagee had brought foreclosure the lien of the second mortgage would have been destroyed unless the second mortgagor paid the first mortgage. Since the defendant had conveyed his title nothing would have inured to his benefit. In the Bower case, the mortgagor had possession of the canceled mortgage and the property it covered. This circumstance, with other facts proved, raised a presumption of payment of the bond making the issue of payment one for a jury. The present action was not on the bond secured by the mortgage but upon a note. The defendant made no counter-affidavit that he had paid the note, but seeks to delay the action by an answer which, if it does anything, seeks to defend the suit upon the note because the mortgage was canceled.

If any presumption of payment arose from the facts in this case it was overcome by the positive, uncontradicted proof of non-payment. *Dunn* v. *Goldman,* 111 *N. J. L.* 249; *Carroll* v. *Prudential Insurance Co.,* 125 *Id.* 397.

If the cancellation was deemed improper that circumstance should have been raised by appropriate pleadings, but it was not. It is too late to amend pleadings after judgment has been entered. The second defense was sham.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.